## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**SAMUEL & STEIN**
David Stein (DS 2119)
David Nieporent (DN 9400)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jesy Cruz, Luis Rodriguez, and Mercedes Trinidad, on behalf of themselves and all other persons similarly situated,<br><br>          Plaintiffs,<br><br>         - vs. –<br><br>JMC Holdings, Ltd. d/b/a Domino's Pizza, John Cilmi, and John Does #1-10,<br><br>         Defendants. | DOCKET NO. 16-CV-9321<br><br>**COMPLAINT** |

Plaintiffs Jesy Cruz, Luis Rodriguez, and Mercedes Trinidad, by and through their undersigned attorneys, for their complaint against defendants JMC Holdings, Ltd. d/b/a Domino's Pizza, John Cilmi, and John Does #1-10, allege as follows, on behalf of themselves individually and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.  Plaintiffs Jesy Cruz, Luis Rodriguez, and Mercedes Trinidad allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants JMC Holdings, Ltd. d/b/a Domino's Pizza, John Cilmi, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) unpaid wages from defendants for overtime work for which they did not receive proper overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.  Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants JMC Holdings, Ltd. d/b/a Domino's Pizza, John Cilmi, and John Does #1-10, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage pursuant to the New Jersey Wage & Hour Law, and (ii) back wages for overtime work for which

defendants willfully failed to pay proper overtime premium pay as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3.    Plaintiff Ms. Jesy Cruz is an adult individual residing at 66 Webster Ave., Paterson, New Jersey.

4.    Plaintiff Mr. Luis Rodriguez is an adult individual residing at 20 Elk Street, Paterson, New Jersey.

5.    Plaintiff Ms. Trinidad Trinidad is an adult individual residing at 28 Redwood Avenue, Paterson, New Jersey.

6.    Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

7.    Upon information and belief, defendant JMC Holdings, Ltd., d/b/a Domino's Pizza ("JMC") is a New York corporation authorized to do business in New Jersey with a principal place of business at 8 Depot Square, Suite 4, Tuckahoe, New York.

8.    At all relevant times, defendant JMC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.   Upon  information  and  belief,  at  all  relevant times,  defendant  JMC  has  had  gross  revenues  in  excess  of $500,000.00.

10.  Upon  information  and  belief,  at  all  relevant times,  defendant  JMC  has  used  goods  and  materials  produced in  interstate  commerce,  and  has  employed  two  or  more individuals  who  handled  such  goods  and  materials.

11.  Upon  information  and  belief,  defendant  John  Cilmi is  the  owner  and  principal  of  JMC,  and  has  the  power  to hire  and  fire  employees,  set  wages  and  schedules,  and retain  their  records.

12.  Defendant  John  Cilmi  was  involved  in  the  day-to-day  operations  of  JMC  and  played  an  active  role  in  managing the  business.

13.  John  Does  #1-10  are  defendants  to  be  identified later  through  discovery  as  individuals  or  entities  that, together  with  the  other  defendants,  form  a  single enterprise  and/or  constitute  joint  employers  under  the  FLSA and/or  New  Jersey  Wage  and  Hour  law.

14.  Defendants  constituted  "employers"  of  plaintiffs as  that  term  is  used  in  the  Fair  Labor  Standards  Act  and New  Jersey  Wage  and  Hour  Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §§ 206 and 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since December 14, 2013, to the entry of judgment in this case (the "Collective Action Period") as delivery drivers, who were not paid statutory minimum wages "free and clear" and/or who were not paid proper overtime premium pay (the "Collective Action Members").

18. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt delivery drivers, and were denied

payment at the statutory minimum wage "free and clear" and/or proper overtime pay.

19. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage "free and clear" and/or proper overtime pay.

20. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New Jersey Wage & Hour Law claims as a class action on behalf of themselves and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since December 14, 2014, to the entry of judgment in this case (the "Class Period") as delivery drivers, who were not paid statutory minimum wages "free and clear" and/or who were not paid proper overtime premium pay (the "Class Members").

21. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

22. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom

would not likely file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

23. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

24. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

25. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

26. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

27.   Among the common questions of law and fact under the FLSA and New Jersey wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

a.   Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members at a rate at least equal to the statutory minimum wage "free and clear", in violation of the FLSA and the regulations promulgated thereunder;

b.   Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members proper premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

c.   Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of the New Jersey Wage & Hour Law and the regulations promulgated thereunder;

d.   Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members proper premium pay for hours worked in excess of forty per workweek, in violation of New Jersey wage

and hour laws and the regulations promulgated thereunder;

e. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA;

28. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

29. Plaintiffs and the Collective Action Members and Class Members perform or performed the same primary duties, and were subjected to the same policies and practices by defendants.

30. The exact number of such individuals, believed to be in the hundreds, is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

31. At all relevant times herein, defendants owned and operated a chain of at least a dozen Domino's Pizza stores in New Jersey and New York, including one located at 527 High Mountain Road, North Haledon, New Jersey, and one located at 500 McBride Ave, Woodland Park, New Jersey.

32.  All of the stores in the chain were operated according to common employment policies, set by defendants' upper management rather than by the managers of individual stores.

33.  Plaintiffs were employed at defendants' pizza stores as delivery drivers, though they were often required to spend some time each day closing out the store after their delivery shifts.  For closing, which was sometimes called "Inside Work," they were required to clean up, sweep, mop, put food away in the freezers, etc.

34.  Plaintiffs Cruz and Rodriguez were each employed at defendants' North Haledon store, and plaintiff Trinidad was employed at defendants' Woodland Park store.

35.  Ms. Cruz has been employed since approximately October 2015.

36.  Mr. Rodriguez has been employed since approximately October 2014.

37.  Ms. Trinidad has been employed from approximately late 2013.

38.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive responsibilities or the exercise of independent judgment about matters of business significance.

39.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

40.  For the first eight months of her employment, Ms. Cruz generally worked five days per week, for a total of roughly 40 hours per week; however, she occasionally worked in excess of 40 hours to cover for absent drivers.  Since then, Ms. Cruz has generally worked three days per week, for a total of about 20 hours per week.

41.  Mr. Rodriguez has generally worked 8½-hour shifts, four days per week, for a total of approximately 34 hours per week; however, he has occasionally worked in excess of 40 hours to cover for absent drivers.

42.  For roughly the first two years of Ms. Trinidad's employment, she generally worked 20-30 hours per week. However, commencing in late 2015, her schedule changed and she routinely began working in excess of 40 hours per week. For example, in the biweekly period commencing September 21, 2015, she worked 90.92 hours.

43.  Plaintiffs were paid at mixed rates.  For their delivery duties, they were generally paid between $5.00 and $7.00 per hour.  For Inside Work, they were sometimes paid

at their delivery rate, and sometimes paid between $9.00 per hour and $10.00 per hour.

44. Plaintiffs also sometimes, but not always, received tips when they made deliveries.

45. However, defendants never provided plaintiffs with any notices or information regarding the "tip credit."

46. Upon information and belief, defendants did not keep accurate records of the tips received by plaintiffs.

47. Because defendants' business model involved making quick deliveries to customers while their food was still hot, plaintiffs were required to complete their assigned deliveries by motor vehicle.

48. As a condition of plaintiffs' employment, they were required to supply and use their own cars as "tools of the trade" to complete their assigned deliveries.

49. During the course of these deliveries, plaintiffs incurred expenses for, *inter alia*, gasoline, maintenance, and wear-and-tear of their vehicles.

50. Defendants did not reimburse plaintiffs for the actual expenses plaintiffs incurred in supplying their tools of the trade.

51. For that reason, defendants did not ask or tell drivers to keep records of these expenses.

52.   Instead, defendants had a policy of paying a token flat per-delivery amount to their drivers. Generally speaking, although defendants charged customers a "delivery fee" that ranged between $3.00 and $4.00 per delivery, only $1.00 of this amount was typically paid to the driver as expense reimbursement.

53.   In order to disguise the fact that defendants were not fully reimbursing plaintiffs for their expenses, these partial reimbursements were paid to plaintiffs each day in cash, with no paper record made.

54.   This reimbursement amount was an amount that was not nearly sufficient to compensate plaintiffs for their actual expenses incurred.

55.   Although during the relevant time period the IRS calculated a reasonable business expense of between $0.54 and $0.575 per mile for operating a motor vehicle, defendants' policies resulted in a reimbursement rate of closer to $0.15 per mile or less.

56.   Because plaintiffs incurred unreimbursed expenses for their "tools of the trade," and because plaintiffs were being paid below the statutory minimum wage when making deliveries, their actual compensation, "free and clear," was less than the applicable minimum wage.

57. In addition, defendants' failure to properly reimburse plaintiffs for their expenses resulted in plaintiffs being paid an improper overtime rate that was less than one-and-one-half times the appropriate regular rates of pay.

58. Throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period and Class Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members and Class Members) in non-exempt positions as delivery drivers.

59. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime and the reimbursement of business expenses for "tools of the trade."

60. These other individuals were also compensated below the statutory federal and state minimum wages.

61. Defendants also failed to fully reimburse these other individuals for expenses related to their "tools of the trade."

62. As a result, these other individuals also were not paid the applicable minimum wage "free and clear."

63.  In addition, these other individuals were not properly paid time-and-one-half the regular rates of pay for all overtime hours worked.

<u>COUNT I</u>

**(Fair Labor Standards Act – Minimum Wage)**

64.  Plaintiffs, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65.  At all relevant times, defendants employed plaintiffs and the Collective Action members within the meaning of the FLSA.

66.  Defendants failed to pay a salary greater than the minimum wage "free and clear" to plaintiffs and the Collective Action members for all hours worked.

67.  As a result of defendants' willful failure to compensate plaintiffs and the Collective Action members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 206.

68.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

69. Due to defendants' FLSA violations, plaintiffs and the Collective Action members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New Jersey Wage and Hour Law – Minimum Wage)

70. Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, plaintiffs and the Class Members were employed by defendants within the meaning of the New Jersey Wage and Hour Law.

72. At relevant times, defendants had a policy and practice of paying plaintiffs and the Class Members at hourly rates that were less than the statutory minimum wage pursuant to the New Jersey Wage and Hour Law.

73. Defendants willfully violated the rights of plaintiffs and the Class Members by failing to pay them wages in excess of the minimum wage in violation of the New Jersey Wage and Hour Law § 34:11-56a1 et seq. and N.J.A.C. §12:56-3.1 et seq.

74. Defendants' failure to pay plaintiffs and the Class Members wages in excess of the minimum wage was willful.

75. Due to defendants' New Jersey Wage and Hour Law violations, plaintiffs and the Class Members are entitled to recover from defendants their unpaid minimum wages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New Jersey Wage and Hour Law.

## COUNT III

### (Fair Labor Standards Act – Overtime)

76. Plaintiffs, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, defendants employed plaintiffs and the Collective Action members within the meaning of the FLSA.

78. At all relevant times, defendants had a policy and practice of refusing to pay proper premium compensation to plaintiffs and the Collective Action members for hours worked in excess of forty hours per workweek.

79. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action members at

a rate at least one-and-one-half times their respective regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. Due to defendants' FLSA violations, plaintiffs and the Collective Action members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New Jersey Wage and Hour Law — Overtime)

82. Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, plaintiffs and the Class Members were employed by defendants within the meaning of the New Jersey Wage and Hour Law.

84.  Defendants willfully violated the rights of plaintiffs and the Class Members by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of New Jersey Wage and Hour Law § 34:11-56a1 et seq. and New Jersey Administrative Code N.J.A.C. §12:56- 6.1.

85.  Defendants' failure to pay overtime was willful and intentional in violation of N.J.S.A. § 34:11-56a1 et seq. and N.J.A.C. §12:56-6.1.

86.  Due to defendants' New Jersey Wage and Hour Law violations, plaintiffs and the Class Members are entitled to recover from defendants their unpaid overtime compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the Collective Action members and Class Members, respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the Class Members and appointing

19

plaintiffs and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey Wage and Hour Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and the New Jersey Wage and Hour Law;

f.  Compensatory damages for failure to pay the proper overtime premium pay pursuant to the FLSA and the New Jersey Wage and Hour Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h.  Back pay;

i.  Punitive damages;

j.  An award of prejudgment and postjudgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other, further, and different relief as this Court deems just and proper.

Dated:  December 14, 2016

_____
David Stein (DS 2119)

David Nieporent (DN 9400)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs
and the putative FLSA collective
action and class

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of JMC Holdings, Ltd. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de JMC Holdings, Ltd. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Jesy Cruz

Date: September 13, 2016

### CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of JMC Holdings, Ltd. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de JMC Holdings, Ltd. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

Luis Rodríguez

Date: September 13, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of JMC Holdings, Ltd. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de JMC Holdings, Ltd. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Mercedes Trinidad


Date:  November 1, 2016